Victor G. Savikas (State Bar No. 145658)
Maria K. Nelson (State Bar No. 155608)
JONES DAY REAVIS & POGUE
555 West Fifth Street, Suite 4600
Los Angeles, CA 90013
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

David R. Francescani (admitted *pro hac vice*)
Maryann V. Hayes (admitted *pro hac vice*)
Neil S. Goldstein (admitted *pro hac vice*)
FISH & RICHARDSON P.C.
45 Rockefeller Plaza, Suite 2800
New York, New York 10111
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Attorneys for Plaintiffs NOKIA MOBILE PHONES LTD.
and NOKIA INC.

**ORIGINAL**

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT
8-1-01
AUG 1 2001
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
8-2-01
AUG - 2 2001
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOKIA MOBILE PHONES LTD. and NOKIA INC., <br><br> Plaintiffs, <br><br> v. <br><br> HYPERCEL CORPORATION and DAVID NAZAR, <br><br> Defendants. | Case No. CV 00-7343-GHK (JWJx) <br><br> **FINAL JUDGMENT AND ORDER ON CONSENT** |

This matter came before the Court on the agreement of Plaintiffs Nokia Inc. and Nokia Mobile Phones Ltd. (collectively referred to as "Plaintiffs" or "Nokia") and Defendants Hypercel Corporation ("Hypercel") and David Nazar (collectively referred to as "Defendants"), who have entered into a Confidential Settlement Agreement the terms of which are hereby incorporated into this Final Judgment and Order on Consent, and the Court, having considered the pleadings and the agreement of the parties, finds that:

Docketed
Copies / NTC Sent
JS - 5 / JS - 6
JS - 2 / JS - 3

1. This Court has federal question jurisdiction of this case pursuant to 28 U.S.C. §§ 1331 and 1338 and 35 U.S.C. § 101 et seq.

2. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

3. Nokia has alleged that Defendants have infringed the following Nokia United States design patents, copies of which are annexed as exhibits to the Second Amended Complaint and which are hereby incorporated by reference into this Final Judgment and Order on Consent:

A. U.S. Design Patent 405,785, issued February 16, 1999 to Vuolteenaho, "Front Cover for a Telephone Handset," application no. 81,794 filed January 9, 1998 (Exhibit A);

B. U.S. Design Patent 406,583, issued March 9, 1999 to Phillips, Nuovo, Salmi and Vong, "Front Cover for a Telephone Handset," application no. 81,820 filed November 7, 1997 (Exhibit B);

C. U.S. Design Patent 406,585, issued March 9, 1999 to Vuolteenaho, Prior, "Front Cover for a Telephone Handset," application no. 81,796 filed January 9, 1998 (Exhibit C);

D. U.S. Design Patent 410,623, issued June 8, 1999 to Kolinen, "Battery," application no. 29/081,755 filed January 9, 1998 (Exhibit D);

E. U.S. Design Patent 412,484, issued August 3, 1999 to Salmi, "Battery," application no. 29/081,797 filed January 9, 1998 (Exhibit E);

F. U.S. Design Patent 410,892, issued June 15, 1999 to Prior, "Battery," application no. 29/081,565 filed January 9, 1998 (Exhibit F);

G. U.S. Design Patent 417,428, issued December 7, 1999 to Kolinen, "Battery," application no. 29/081,795 filed January 9, 1998 (Exhibit G);

H. U.S. Design Patent 422,597, issued April 11, 2000 to Finkbeiner, "Front Cover for a Handset," application no. 29/104,101 filed April 28, 1999, covering a replaceable front cover for the Nokia 8260 model mobile telephone (Exhibit H); and

I. U.S. Design Patent 429,491 issued August 15, 2000 to Finkbeiner, "Front Cover for a Telephone Handset," application no. 29/104,075 filed April 28, 1999, covering a replaceable front cover for the Nokia 8290 model mobile telephone (Exhibit I).

4. Defendants have denied infringement of the above-listed Nokia U.S. design patents and have asserted affirmative defenses of failure to mark, laches, estoppel, design functionality, obviousness and patent misuse and asserted counterclaims for a declaratory judgment of invalidity, unenforceability and non-infringement of Nokia's U.S. patents and monopolization and attempt to monopolize under the antitrust laws.

5. Defendants have made, used, sold or offered for sale batteries and face covers for use with mobile phones that infringe the Nokia U.S. design patents identified in paragraph 3 hereof. Defendants are liable for infringement of said patents and the parties intend that this finding shall constitute res judicata with the effect of claim and issue preclusion in any future litigation between Nokia and Defendants.

6. Defendants acknowledge that the Nokia U.S. design patents identified in paragraph 3 hereof are valid and enforceable and the parties intend that this finding shall constitute res judicata with the effect of claim and issue preclusion in any future litigation between Nokia and Defendants.

THE PARTIES AGREE AND IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that:

7. Defendants and their agents, servants, employees, attorneys and successors, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently enjoined from engaging in the manufacture, use, sale or offer for sale of any batteries or face covers for mobile phones that infringe the Nokia U.S. design patents identified in paragraph 3 hereof, provided, however, that pursuant to the provisions of the parties' Confidential Settlement Agreement, Defendants shall not be enjoined from the manufacture, use, sale, or offer for sale of any products for which Nokia has provided Defendants a covenant not to sue.

8. Any violation of the permanent injunction in this Order is punishable by contempt.

9. Plaintiffs shall have and recover from Defendants, and Defendants shall pay to Plaintiffs, damages in the amount set forth in the parties' Confidential Settlement Agreement.

10. Each of the parties shall bear its own attorneys' fees and expenses.

11. This Court shall retain jurisdiction of this case for the purpose of enforcing this Final Judgment and Order on Consent and the terms of the parties' Confidential Settlement Agreement, and for the purpose of resolving any dispute arising out of the settlement of this action.

12. The parties waive their right to appeal from this Final Judgment and Order on Consent.

13. This Final Judgment and Order on Consent shall be binding upon and inure to the benefit of the parties' respective affiliates, successors and heirs.

14. Defendants' affirmative defenses with respect to the claims at issue in this case including failure to mark, laches, estoppel, design functionality, obviousness and patent misuse and Defendants' counterclaims for a declaratory judgment of non-infringement, unenforceability and invalidity with respect to the Nokia U.S. design patents identified in paragraph 3 hereof and monopolization and attempt to monopolize under the antitrust laws are hereby dismissed with prejudice.

15. It is the intent of the parties that this Final Judgment and Order on Consent constitutes res judicata with the effect of claim and issue preclusion in any future litigation between Nokia and Defendants involving any products manufactured, used, sold or offered for sale by Defendants at issue in this case.

SO ORDERED:

Dated: 8/1/01
Los Angeles, California

By: _____
Hon. George H. King, Judge
United States District Court

| | |
|---|---|
| 1 | ACCEPTED AND AGREED: |
| 2 | |
| 3 | NOKIA INC.                                HYPERCEL CORPORATION |
| 4 | |
| 5 | By: _[signature]_                         By: _[signature]_ |
|   | Director IPR Litigation |
| 6 | Dated: 07/23/01                           Dated: 7/27/01 |
| 7 | |
| 8 |                                           DAVID NAZAR |
| 9 | |
| 10 | |
| 11 |                                          By: _[signature]_ |
| 12 |                                          Dated: 7/27/01 |
| 13 | |
| 14 | July 30, 2001                            JONES DAY REAVIS & POGUE |
| 15 | |
| 16 |                                          By: Maria K. Nelson/wfh |
| 17 |                                          Victor G. Savikas (State Bar No. 145658) |
|   |                                          Maria K. Nelson (State Bar No. 155608) |
| 18 |                                          JONES DAY REAVIS & POGUE |
|   |                                          555 West Fifth Street, Suite 4600 |
| 19 |                                          Los Angeles, CA 90013 |
|   |                                          Telephone: (213) 489-3939 |
| 20 |                                          Facsimile: (213) 243-2539 |
| 21 |                                          FISH & RICHARDSON P.C. |
|   |                                          David R. Francescani |
| 22 |                                          Maryann V. Hayes |
|   |                                          Neil S. Goldstein |
| 23 |                                          45 Rockefeller Plaza |
|   |                                          New York, New York 10111 |
| 24 |                                          Telephone: (212) 765-5070 |
|   |                                          Facsimile: (212) 258-2291 |
| 25 | |
| 26 |                                          Attorneys for NOKIA MOBILE PHONES LTD. AND NOKIA INC. |
| 27 | |
| 28 | |


GELFAND RAPPAPORT & GLASER LLP

By: /s/ Marvin Gelfand
Marvin Gelfand (State Bar No. 53,586
11111 Santa Monica Boulevard
Suite 1000
Los Angeles, California 90025-3333
Telephone: (310) 477-7446
Facsimile: (310) 473-0906

CHRISTIE, PARKER & HALE LLP
Edward R. Schwartz
  (State Bar No. 147,553)
350 West Colorado Boulevard
Suite 500
Pasadena, California 91109-7068
Telephone: (626) 795-7068
Facsimile: (626) 577-8800


Attorneys for Defendants HYPERCEL
CORPORATION AND DAVID NAZAR


# PROOF OF SERVICE

*Nokia Mobile Phones Ltd., et al. v. Hypercel Corporation*
USDC Case No. CV 00-7343-GHK (JWJx)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 555 West Fifth Street, Suite 4600, Los Angeles, California 90013.

On July 30, 2001 I served the document(s) described as:

## FINAL JUDGMENT AND ORDER ON CONSENT

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

☐ (BY PERSONAL SERVICE) I placed   the original   a true copy thereof enclosed in sealed envelope(s) and caused such envelope to be hand delivered via messenger to the offices of the addressee(s) as follows:

☐ (BY FAX) I sent a facsimile transmission to the interested parties at the facsimile machine numbers indicated below:

☒ (BY MAIL) I placed a true copy thereof enclosed in sealed envelope(s) to the addressee(s) as follows:

## SEE ATTACHED SERVICE LIST

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit of mailing in affidavit.

Executed July 30, 2001 at Los Angeles, California

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ Arthur Escalante*
Arthur Escalante

# SERVICE LIST

*Nokia Mobile Phones Ltd., et al. v. Hypercel Corporation*
USDC Case No.  CV 00-7343-GHK (JWJx)

Marvin Gelfand, Esq.
GELFAND RAPPAPORT & GLASER LLP
11111 Santa Monica Boulevard, Suite 1000
Los Angeles, California  90025-3333

Edward R. Schwartz, Esq.
CHRISTIE, PARKER & HALE LLP
350 West Colorado Boulevard, Suite 500
Pasadena, California  91109-7068